**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOIS WHITE<br><br>Plaintiff,<br><br>v.<br><br>RGM PROPERTIES, LLC., an Illinois limited liability company<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-06937<br><br>Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Lois White, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant RGM Properties, LLC. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Cook County, Illinois.

4. Defendant RGM Properties, LLC. is a limited liability company with its registered office located at 801 Adlai Stevenson Dr., Springfield, IL 62703.

5. Upon information and belief, Defendant RGM Properties, LLC. owns or operates "Audi Orland Park" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

**FACTUAL ALLEGATIONS**

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during her visits (and prior to instituting this action) to "Audi Orland Park."

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

11. Plaintiff regularly travels to the Tinley Park area to visit friends and shop. Most recently, Plaintiff was in the Tinley Park area in July 2024. Plaintiff plans to return to the areas in September 2024.

12. Audi Orland Park offers higher-quality vehicles and service than other dealerships.

13. Plaintiff prefers Audi Orland Park because of the quality of vehicles and level of service offered.

14. Plaintiff would return to the Facility if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

15. Plaintiff incorporates the above paragraphs by reference.

16. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

17. Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

18. Plaintiff incorporates the above paragraphs by reference.

19. The Tinley Park Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a dealership. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

20. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

21. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

22. Plaintiff personally encountered architectural barriers on June 19, 2024 at the Tinley Park Facility located at 8021 W. 159th St., Tinley Park, IL 60477 that affected her disabilities:

a. Women's Restroom:

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

ii. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iv. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

v. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

vi. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

vii. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in her legs and back requiring extra care due to concerns for safety and a fear of aggravating her injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears

Angela C. Spears
CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (847) 329-4844
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: August 7, 2024